IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| AUGUSTINE F. SOTO, ) | |
|     Plaintiff, ) | |
| v. ) | CIV 05-02314 PHX NVW (MEA) |
| JOE ARPAIO, MARICOPA COUNTY ) BOARD OF SUPERVISORS, ) | REPORT AND RECOMMENDATION |
|     Defendant. ) | |

Plaintiff, while an inmate at the Maricopa County Lower Buckeye jail in Phoenix, Arizona, filed a *pro se* complaint pursuant to 42 U.S.C. § 1983 on August 3, 2005. On December 28, 2005, the Court ordered Plaintiff to complete and return a service packet for Defendant to the Court by January 17, 2006. That order warned Plaintiff that his failure to timely comply with the provisions of the order would result in the dismissal of the complaint pursuant to Rule 41(b), Federal Rules of Civil Procedure. On December 28, 2005, the Court issued an order directing monthly payments be made from Plaintiff's inmate account and sent a copy of the payment order to Plaintiff.

Plaintiff was warned that his failure to acquire a waiver of service from Defendants or to complete service of process on Defendants within 60 days of the date that the

service order was issued, i.e., by February 28, 2005, would result in the dismissal of the complaint pursuant to Rule 4(m), Federal Rules of Civil Procedure, and Rule 16.2(b)(2)(B), of the United States District Court for the District of Arizona Local Rules of Civil Procedure.  The civil docket in this matter indicates that Plaintiff has failed to acquire a waiver of service from Defendants or to complete service of process on Defendants.

Plaintiff was apparently released from the custody of the Maricopa County Sheriff's Department prior to January 9, 2006.[1]  See Docket No. 5.  All of the Court's orders and the service packet mailed to Plaintiff have been returned to the Court as undeliverable.  Plaintiff has not provided the Court with his current address.

Rule 3.4, Local Rules of Civil Procedure for the United States District Court for the District of Arizona requires prisoner-litigants to comply with instructions attached to the Court-approved complaint form for use in section 1983 actions. Those instructions provide:  "You must immediately notify the clerk ... in writing of any change in your mailing address. Failure to notify the court of any change in your mailing address may result in the dismissal of your case."

Plaintiff was warned that failure to file a notice of change of address or to otherwise comply with the Court's orders

---

[1] Because Plaintiff was released from custody, Plaintiff is obligated to pay the filing fee for his section 1983 action within one month of being released from custody.

-2-

could result in the dismissal of his suit.  Plaintiff has not filed a notice of change of address and mail sent to his last known address was returned.  An order to show cause why this action should not be dismissed for failure to serve the defendant or for failure to prosecute would be futile.  See Carey v. King, 856 F.2d 1439, 1441 (9th Cir. 1988) (stating that "[a]n order to show cause why dismissal is not warranted or an order imposing sanctions would only finding itself taking a round trip tour through the United States mail").

**THEREFORE, IT IS RECOMMENDED that** Plaintiff's complaint be **dismissed without prejudice** for Plaintiff's failure to comply with Rule 3.4, Local Rules of Civil Procedure for the United States District Court for the District of Arizona, and Rule 41(b), Federal Rules of Civil Procedure.

DATED this 28th day of February, 2006.

_____
Mark E. Aspey
United States Magistrate Judge

-3-